**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANDRE MARQUIS COHEN,** ) | **CASE NO. 1:19 CV 1961** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **U.S. BANCORP,** ) | **AND ORDER** |
| ) | |
| **Defendant.** ) | |

*Pro se* Plaintiff Andre Marquis Cohen filed this action against U.S. Bancorp in the Lorain County Court of Common Pleas seeking payment on documents he created authorizing the United States Treasury to "disburse public money for this public debt backed by payor's full faith and credit, and bonded by a certified promise as recognized by International Law." (Doc No. 8-1 at 1-3). He seeks $ 1,200,000.00 from the Defendant claiming they took possession of his documents but did not provide him with consideration.

Defendant removed the case to this federal court on the basis of diversity jurisdiction, and filed a Motion to Dismiss (Doc No. 8). They assert Plaintiff did not establish that they took possession of his documents or that the documents are worth the value Plaintiff places on them. In fact, they claim the documents are worthless and fraudulent, and assert they do not owe Plaintiff any money. For the reasons set forth below, Defendant's Motion to Dismiss (Doc. No. 8) is granted and this action is dismissed.

## I. BACKGROUND

Plaintiff's Complaint provides very few factual allegations. He indicates Defendant took possession of four documents he created and titled as "certified promissory notes." The documents purport to "Pay to the Order of [Andre' Marquis Cohen] Acct # (redacted)" ... "the sum of: Three Hundred Thousand in credits." (Doc. No. 8-1 at 1-3). Inside a box to the right of that is listed "US$300,000.00**." (Doc. No. 8-1 at 1-3). The "drawee" is listed as "the United States Department of the Treasury 1789." The memo of the documents indicates it is void after 21 days and states:

> This certificate/voucher/certified coupon bond is a printed authorization to the United States Department of the Treasury 1789 to disburse public money for this public debt backed by Payor's full faith and credit, and bonded by a certified promise as recognized by International Law.

(Doc. 8-1 at 1-3). The document is signed by "Rabbi Kohon El Bey Ali" which appears to be an alias for Plaintiff. Plaintiff states the documents are his property because he attached them to UCC filings. These filings are composed entirely of meaningless rhetoric, and appear to be an attempt by Plaintiff to declare himself to be debtor and a secured party of himself. He claims the Defendant took possession of these documents on July 17, 2019 but did not give him consideration for them. He asserts claims for replevin and conversion and seeks payment of the purported value of the documents.

The Defendants filed a Motion to Dismiss for failure to state a claim. They contend that the documents are not promissory notes, checks, or legal tender. They are entirely worthless documents created by the Plaintiff for the sole purpose of defrauding financial institutions. Defendants also indicate that under Ohio law, promissory notes are not negotiable instruments.

They contend Plaintiff is not entitled to replevin or damages for conversion. First, Defendant claims Plaintiff has not established that he had an ownership interest or a right to $ 1,200,000.00. If he has an interest in the documents, their value is solely the cost of the paper on which they are printed, not the value Plaintiff placed on them. Second, Defendant asserts that Plaintiff has not established that Defendant had possession of any of his property, as he was not entitled to $ 1,200,000.00. Defendant asks this Court to dismiss this action with prejudice.

## II. STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court is "not bound to accept as true a legal conclusion

couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

Furthermore, while *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action by Plaintiff satisfy these criteria.

### III. ANALYSIS

Plaintiff's Complaint is factually frivolous and it fails to state a claim upon which relief may be granted. Actions for replevin or conversion both have as a required element that Plaintiff have a legitimate ownership interest in the property in question. That is not the case here. A distinction must be drawn between ownership of the paper document, and ownership of the monetary value Plaintiff placed on the document. Plaintiff created his own documents, titled them as "certified promissory notes" and ordered the United States government to pay him a total of $ 1,200,000.00 in credits from "public money." He signed the documents with his alias

-4-

Rabbi Kohon El Bey Ali and delivered them to a bank seeking payment. There is no suggestion that the United States government or any authorized officer of the United States government drafted or approved these documents. The documents are worthless as either legal tender or negotiable instruments and Plaintiff has no legitimate interest in the monetary value he lists on the documents. If Plaintiff had any ownership interest in the documents, it would be limited to the paper on which they are printed. The value of the paper is de minimis.

Furthermore, it is apparent that Plaintiff's pleading is not submitted in good faith in an attempt to gain real relief from the Defendant for an actual injury or controversy. Plaintiff knew or should have known that he was not entitled to a million dollars just because he created a document ordering the government to pay it to him. Moreover, he did not stop when he presented it to a bank and the bank refused payment. He filed this lawsuit, knowing his underlying claim was frivolous and he would not prevail. At best, it could be argued that he filed this action for the sole purpose of harassing the court system and the Defendant. Construed less generously, it could be viewed as an attempt to use this Court to perpetrate a fraud on a financial institution through the use of counterfeit documents.[1] Neither of these are acceptable uses of the Court's or the Defendant's time and resources. Plaintiff is cautioned that additional frivolous filings could result in an Order permanently enjoining him from filing any action in this Court without prior leave being granted.

### IV. CONCLUSION

---

[1] Title 18 U.S.C.A. § 471 provides: "Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both.

Accordingly, Defendant's Motion to Dismiss (Doc No. 8) is **GRANTED** and this action is **DISMISSED** as frivolous. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

       s/*Dan Aaron Polster*   12/26/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.